OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cuyahoga County Bar Association et al. v. Okocha.
[Cite as Cuyahoga Cty. Bar Assn. v. Okocha (1994),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Indefinite suspension --
     Charging a clearly excessive fee -- Conduct involving
     dishonesty, fraud, deceit or misrepresentation -- Failing
     to preserve identity of client's funds and property.
(No. 93-2102 -- Submitted March 23, 1994 -- Decided June 8,
1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-45.
     In an amended complaint filed on January 25, 1993,
relator, Cuyahoga County Bar Association, charged respondent,
Nwabueze V. Okocha of Cleveland, Ohio, Attorney Registration
No. 0025024, with five counts of disciplinary infractions.  On
April 23, relator, Cleveland Bar Association, filed another
complaint against respondent alleging an additional count.
Respondent filed various motions, which were ruled upon.
Respondent's answer to the original complaint admitted some
allegations and denied others.  A panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
("board") conducted a hearing on both complaints on July 23,
1993.  On October 21, 1993, the board ordered the complaints
consolidated.
     The amended complaint, respondent's answer, and the
evidence at the hearing established the following.  As to
Counts II and IV, Lawrence and Elaine Fehrenbacher (herein
"clients") retained respondent in February 1990 to pursue an
employment discrimination complaint against Elaine's employer,
Southwest General Hospital.  Respondent quoted his fees as
either an hourly rate of $150, or, alternatively, a
"nonrefundable retainer" of $12,000, plus a contingent fee of
forty percent of any recovery.  The clients agreed to the
contingent fee and paid respondent $6,000, one-half of the
agreed retainer, and a $100 consultation fee.  The balance of
the retainer fee was to be paid in installments.
     Within a few months, respondent had told his clients they
had "no case" and should settle for six months' severance pay.

According to his clients, respondent agreed to forego any contingent fee as well as the balance owed on the retainer fee. In October 1990, upon respondent's advice, the clients agreed to settle. Elaine could keep disability payments received through October, and the hospital agreed to give her a neutral employment reference and a lump sum settlement of $5,945.23, representing two and one-half months of severance pay. At the settlement, the clients expected to receive a hospital check for $5,945.23, payable to Elaine, without any further deduction for fees. However, respondent privately requested the hospital to add his name to the check, which was done. Respondent then falsely suggested to his clients the check amount was wrong and they would receive their money in a few days. After the settlement, his clients fired respondent.

Respondent deposited that hospital check in his IOLTA (trust) account, without Elaine's authorization or endorsement, and later transferred the funds to his personal account. As the board found, respondent then "billed the clients for $2,487.71, the balance of $6,000 retainer, plus 40% of the settlement, less the $5,949.23 [sic] he had received in settlement." When his clients refused to pay this billing, respondent sued, and his clients cross-claimed. A jury found against respondent and awarded the clients a verdict of $5,945.23 for compensatory damages and $50,000 for punitive damages. Respondent appealed that verdict.

As charged in Count V, and as the panel found, respondent "falsely advised Relator, through its investigators, that the change in the [hospital] check was at the request of the employer of clients." Also, respondent "falsely testified at a disciplinary investigative hearing before Relator, Cuyahoga County Bar Association, that there was no dispute concerning the fee or his removing the settlement from the IOLTA account."

As to the additional complaint, Tansey Rice consulted respondent in September 1990, in connection with a claim of wrongful termination of employment. On September 10, Rice signed an agreement promising to pay respondent a nonrefundable retainer fee of $12,000, and additionally a contingent fee of forty percent of any sums recovered from her employer. A week later, Rice notified respondent that she had retained another attorney and no longer wished respondent to represent her. Respondent then sent to Rice a bill for $16,469.79, which included the $12,000 retainer, $2,320 for an associate's time, and $2,100 for his time plus expenses. Respondent also wrongfully failed to return Rice's documents to her after she fired him.

As to Count III, the evidence demonstrated that respondent identified his law practice as "Nwabueze Okocha and Associates" at a time when no other attorneys were in the office. Mitchell Johnson, a law clerk, identified himself to clients as an "associate," although Johnson was not licensed as an attorney.

As to Count I, respondent, a native of Nigeria, married Christie Apeh in Nigeria in 1978. Thereafter, respondent immigrated to the United States and lived with Christie in Cleveland. Evidence suggests respondent obtained a Nigerian annulment in November 1984. On December 13, 1985, in Chicago, respondent married Ethel Fay Hill, also known as Ethel Owusu, a United States citizen, a marriage that was terminated by

dissolution in 1992. Other evidence suggests that after 1985, respondent continued to live in Cleveland with Christie as his wife, and made conflicting declarations during and after 1984, as to his marital status. The Immigration and Naturalization Service denied respondent's attempt to secure permanent residence status in the United States based upon his 1985 marriage to Hill. Consequently, respondent faces deportation proceedings.

The panel found that as to Count I, respondent had misrepresented his marital status, but relator had not proved respondent's conduct violated the Canons of Ethics. As to the additional complaint, and Count II of the original complaint, the panel found relator had twice violated DR 2-106(A)(charging a clearly excessive fee) by his fee arrangements with the Fehrenbachers and Tansey Rice.

As to Count III, involving the employment of Mitchell Johnson, the panel found relator "failed to prove that Respondent knowingly violated DR 3-101(A)(aiding the unauthorized practice of law). As to Count IV, the panel found that respondent had violated DR 1-102(A)(4)(conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 9-102(preserving identity of a client's funds and property) by withdrawing Elaine Fehrenbacher's funds from his escrow account after he had been discharged and without his client's consent. As to Count V, the panel also found respondent knowingly violated DR 1-102(A)(4) in his representations to relator about the Fehrenbachers.

Relators recommended disbarment. Respondent contended that only technical violations were proved, at most, and that a public reprimand was adequate. The panel recommended that respondent be suspended indefinitely from the practice of law in Ohio. The board adopted the findings, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Schulman, Schulman & Meros, Howard A. Schulman, Randall M. Perla and Otha Jackson, for relator Cuyahoga County Bar Association.
Tricarichi & Carnes and Charles S. Tricarichi, for relator Cleveland Bar Association.
Kaiser & Shattuck Co., L.P.A., and Mark A. Kaiser, for respondent.

Per Curiam. We agree with the board's findings, conclusions, and recommendation. Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.